IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

IN RE:

**ROCK CREEK BAPTIST CHURCH**
**OF THE DISTRICT OF COLUMBIA**

**Debtor/Debtor-in-Possession**

Case No. 19-16565 LSS
Chapter 11

---

### SECURED CREDITOR'S OBJECTION TO DEBTOR-IN-POSSESSION'S MOTION FOR ORDER (A) AUTHORIZING SALE OF CERTAIN REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS ENCUMBRANCES AND OTHER INTERESTS; (B) APPROVING AGREEMENT OF SALE; AND (C) AND GRANTING RELATED RELIEF[1]

Secured Creditor, Coester Financing, LLC ("Coester"), by counsel, hereby objects to the Debtor-in-Possession's Motion For Order (A) Authorizing Sale of Certain Real Property Free and Clear of Liens, Claims, Encumbrances and Other Interests; (B) Approving Agreement of Sale; and (C) Granting Related Relief [Doc. 137] (the "Motion" or the "Motion to Sell Free and Clear"), and asks that the Motion be denied. As grounds for the Objection, Coester states:

### Background

1. Rock Creek Baptist Church of the District of Columbia, the debtor and debtor-in-possession in this case ("Rock Creek" or the "Debtor"), commenced this Chapter 11 proceeding by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 14, 2019.

2. Rock Creek is a religious institution established in 1872, originally operating in the District of Columbia, and then, since 2016, in Prince George's County, Maryland.

---

[1] Unless otherwise defined herein, capitalized terms are defined or described in the Motion for Order (A) Authorizing Sale Of Certain Real Property Free And Clear Of All Liens, Claims, Encumbrances And Other Interests; (B) Approving Contract Of Sale; And (C) Granting Related Relief.

3.  Rock Creek owns two (2) commercial properties: the real property located at 6707 Woodyard Road, Upper Marlboro, Maryland 20772, where Rock Creek conducts activities including religious services, and other ministries for its congregants, and operates as a separate related entity, a private, pre-K through 12 school, on a 24 acre campus (the "Church Property"); and, the substantially unimproved real property located at 2505 Ritchie Marlboro Road, Upper Marlboro, Maryland 20772, which is not used by Rock Creek, but intended to be developed (the "Ritchie Marlboro Property").

4.  The Motion seeks approval to transfer the Ritchie Marlboro Property to a newly created entity, owned in part by the Debtor, outside the control of the Bankruptcy Court, free and clear of liens, encumbrances and interests, without full payment at the transfer to the creditors secured by the Ritchie Marlboro Property, and without consent of those creditors.

5.  The transfer of the Ritchie Marlboro Property, as alleged by the Motion, will provide that the purchaser, an entity to be created named "RCBCRM, LLC" (the "Purchaser") – which will be 51% owned by Chesapeake Custom Builders, LLC, and 49% by Rock Creek.[2]

6.  If the Motion is approved, the Purchaser will pay $700,000.00 at the closing and transfer of the Ritchie Marlboro Property, and suggests that an additional $2,300,000.00 may be paid over a five (5) year period, in annual unequal installments.

7.  The property is encumbered by the following liens and deeds of trust:

    a.  Prince George's County, Maryland - Real Property Taxes for tax year 2019/20 - $7,627.88 (Claim No. 3), and for tax year 2020/21 - $6,549.56 (Claim No. 21);[3]

---

[2] There is a formula in the Term Sheet for Purchaser's Operating Agreement, attached as an Exhibit to the Amended Disclosure Statement, which indicates that the percentage of ownership in the Purchaser may be further reduced.

[3] Amounts due include interest calculations found on Prince George's County Property Tax Inquiry website: www.taxinquiry.princegeorgescountymd.gov .

      b.      Coester Financing, LLC - First Priority Deed of Trust Loan - $205,378.21 (estimated) (Claim No. 16);

      c.      Coester Financing, LLC – Second Priority Commercial Loan Agreement - $1,099,681.20 (estimated) (Claim No. 15).  This claim is disputed; and,

      d.      Mark Vogel – Third Priority Deed of Trust Loan - $183,205.97 (estimated) (Claim No. 14).

The total of the claims secured by the Ritchie Marlboro Property is approximately $1,502,442.82.

      8.      The Debtor estimates the "as-is" value of the Ritchie Marlboro Property is $3,000,000.00.

      9.      However, after spending a "considerable amount of time investigating and negotiating a joint venture", Rock Creek proposes to accept $700,000.00 to transfer the Ritchie Marlboro Property, free and clear of the liens and encumbrances, (the "transfer") without the consent of, and without any additional security to, the creditors secured by the Ritchie Marlboro Property (collectively referred to as the "Secured Creditors").

      10.      Moreover, the unsecured creditors, whose claims total over $5,300,000.00, will not be paid at the transfer of the Ritchie Marlboro Property.

      11.      The Agreement of Sale does not propose that the Purchaser will sign a promissory note for the balance of the purchase of the Ritchie Marlboro Property, or otherwise attempt to document payment of the balance of the purchase of the Ritchie Marlboro Property.

      12.      The Motion does inform the court though, that the Debtor will be entitled to a substantial share of the future value of the Ritchie Marlboro Property, outside of the control of the court, and at the risk and expense of the creditors in this bankruptcy.

13. Rock Creek does not indicate that it investigated alternatives to the transfer of the Ritchie Marlboro Property, including the outright sale of the property, discuss any marketing done to sell the property, or any offers received to purchase the property at its "as-is" value.

### Standard for a Sale Free and Clear

14. Rock Creek requests this Court to approve the transfer of the Ritchie Marlboro Property, outside the course of ordinary business, pursuant to the Agreement of Sale attached as an Exhibit to the Motion, on the payment of $700,000.00, free and clear of any liens, encumbrances and interests of any entity other than the estate, pursuant to 11 U.S.C. §§ 363 (b) and (f).

15. Section 363(f) of the Bankruptcy Code, states:

> (f)  The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, **only if** –
>   (1)  applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>   (2)  such entity consents;
>   (3)  such interest is a lien and the price at which such property is to be sold is greater that the aggregate value of all liens on such property;
>   (4)  such interest is in a *bona fide* dispute; or
>   (5)  such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.
> (emphasis added)

16. The Debtor does not apprise the Court under which provision it has authority to proceed with the sale of the Ritchie Marlboro Property, only suggesting that it will be able to satisfy one of the elements of Section 363(f) of the Bankruptcy Code, and that the liens of the creditors secured by the Ritchie Marlboro Property will attach to the proceeds of the sale. (Motion, ¶ 39.) However, as discussed above, the proceeds to be paid at the time of the transfer are insufficient to pay all of the claims of such creditors.

17. The Debtor further asserts that the second priority claim of Coester is subject to a *bona fide* dispute, and therefore the Debtor can proceed with the transfer. (Motion, ¶ 40.)

**Objections and Analysis**

18. Coester objects to the sale as it is not in the best interests of the estate or the creditors, and is only in the interest of the Debtor.

19. Secured Creditors, including Coester, will not be paid in full at the time of the transfer, nor will the creditors secured by the Ritchie Marlboro Property be provided with any assurances of being paid in the future.

20. Rock Creek does not comply with the requirements of §363(f), in order to permit the Court to approve a sale free and clear of the liens and encumbrances on the Ritchie Marlboro Property.

21. Approval of the transfer will be a *de facto* approval of the Debtor's Amended Plan of Reorganization, without the procedures and protections of the plan confirmation process of the Bankruptcy Code.

22. Coester further adopts and incorporates herein the objections of other creditors to the Motion, and asks that the Motion be denied

**Sale is not in the best interest of the estate or creditors**

23. Despite the Debtor's assertion that the Ritchie Marlboro Property has a value of $3,000,000.00, the Agreement of Sale provides payment of $700,000.00, and the possibility of additional payments of $2,300,000.00 over a period of five (5) years, if the Debtor's joint venture is successful.

24. A debtor-in-possession under Chapter 11 is a fiduciary of the bankruptcy estate, and is required to act in the interests of creditors, and not in its own interest. *Wolf v. Weinstein*,

372 U.S. 633, 649-50, 83 S. Ct. 969, 979-80, 10 L. Ed. 2d 33 (1963); *In re J.T.R. Corp.*, 958 F.2d 602, 604-05 (4th Cir. 1992).

25. It is clear that the best interests of the creditors would require Rock Creek to sell the Ritchie Marlboro Property for its "as is" value, or whatever value may be received in a fair market transaction, with funds being immediately payable by the purchaser, and available for distribution to creditors on the effective date of a confirmed plan. "A debtor's promise of future payments is worth less than an immediate lump-sum payment because the creditor can use the money right away, inflation may cause the dollar's value to decline before the debtor pays, and there is a nonpayment risk." *Till v. SCS Credit Corp.*, 541 U.S. 465, 466, 124 S. Ct. 1951, 158 L. Ed. 2d 787 (2004).

26. The only parties that benefit from this transfer, rather than an outright sale of the Ritchie Marlboro Property, are the Debtor and the Purchaser. Rock Creek clearly favors its own interests to that of the Bankruptcy Estate. *See also In re Cloverleaf Enterprises, Inc*. 2010 WL 1445487 (Bankr. D. Md. 2010) (J. Mannes, Case No. 09-20056, Opinion April 2, 2010) (Denying proposed sale where the only beneficiary of the proposed transaction is the debtor's sole shareholder.)

**The transfer of the property is insufficient to pay Secured Creditors in full**

27. As indicated above, according to the Agreement of Sale, the transfer of the Ritchie Marlboro Property will occur on the payment of $700,000.00, and that the liens and encumbrances of the Secured Creditors will be transferred to the $700,000.00 in the "same validity, priority, force and effect" as the Secured Creditors had against the Ritchie Marlboro Property. (Motion, ¶ 39.)

28. As the liens and encumbrances of the Secured Creditors total in excess of $1,500,000.00, the Secured Creditor cannot be paid in full, are not adequately protected or secured by the property.  11 U.S.C. §363(f)(3); See also *In re PW, LLC* 391 B.R. 25, 39-40 (9th Cir. BAP 2008); *In re Netfax, Inc.*. 335 B.R. 85, 88 (D. Md. 2005) ("To satisfy the requirements of 11 U.S.C. § 363(f)(3), which permits a trustee to sell property "free and clear" of any interest in such property of an entity other than the estate, the aggregate value of all liens must be less than the sale price of the property.")

**The Motion does not comply with 11 U.S.C. §363(f)**

29. Rock Creek argues that it is entitled to a sale "free and clear" of liens, as Coester's second priority claim is the subject of a *bona fide* dispute.

30. As stated, Coester filed Claim number 15 herein which asserted a secured claim against the Ritchie Marlboro Property on the basis of the terms of a Secured Commercial Term Loan Agreement, in the amount of $1,076,493.10.

31. Included in that claim, is a matured loan for $50,000.00, interest, default interest, late charges, attorney fees, and a liquidated damages provision of 1/3 of the value of the Ritchie Marlboro Property.

32. Rock Creek filed an adversary proceeding challenging the liquidated damages provision in the claim.  Coester has answered the adversary, and the parties are engaged in discovery and pretrial proceedings.

33. Rock Creek asserts in the Motion that because the claim is in a *bona fide* dispute (which Coester strongly disagrees), that the Court has authority to grant the Motion for Sale Free and Clear.

34. "To overcome the *prima facie* validity of a proof of claim, the objecting party must demonstrate by evidence, a defense to one or more elements of the cause of action asserted in the claim, which defense, if contravened, would be sufficient to defeat the legal basis for the claim asserted." *In re Gates*, 214 B.R. 467, 472 (Bankr. D. Md. 1997).

35. However, if the Court permits the sale free and clear of the liens, with the liens attaching to the $700,000.00, if Rock Creek is unsuccessful in its challenge, or even partially unsuccessful, then there will be insufficient funds to pay the secured claims of Coester, and perhaps the third priority secured claim of Mark Vogel, despite sufficient equity in the property to pay both claims in full.  Moreover, since the Ritchie Marlboro Property will be out of the control of the Court, there will be no way to protect the Secured Creditors.

36. In fact, Coester suggests that the objection should be resolved prior to a sale free and clear of the liens and encumbrances of the Secured Creditors.

**Approval of the transfer would be a *de facto* approval of Debtor's Amended Plan**

37. Sale of the Ritchie Marlboro Property under the terms of the Agreement of Sale as provided in the Motion also effectuates the terms of the Debtor's proposed Amended Plan of Reorganization, without the procedures and protections of the plan confirmation process.

38. Sales of a substantial asset outside of a plan in a case under Chapter 11 are extraordinary and should be viewed as an exception to the rule. In order to grant such a request, the court must expressly find from the evidence a good business reason to grant such application. *In re Lionel Corp.*, 722 F. 2d 1063, 1071 (2nd Cir. 1983); *In re Naron & Wagner, Chartered*, 88 B.R. 85, 87 (Bankr. D.Md. 1988).

39. Rock Creek did not offer a good business reason to grant the Motion, rather than comply with the confirmation procedures in the Bankruptcy Code.  If its "good business reason"

is the delay that the confirmation process would take, the court is reminded of the reasoning of the Supreme Court that "[t]he need for expedition, however, is not a justification for abandoning proper standards." *Protective Committee for Independent Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 450, 88 S. Ct. 1157, 1176, 20 L. Ed. 2d 1 (1968).

40.    "The Chapter 11 confirmation process provides numerous protections to parties in interest, and a debtor should not be allowed to '… use §363 to sidestep the protection creditors have when it comes time to confirm a plan of reorganization,' or inappropriately establish the terms of a plan *sub rosa* through the use of §363(b)." *In re Naron & Wagner, Chartered*, 88 B.R. 85, 88 (Bankr. D.Md. 1988), *quoting In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1227 (5th Cir. 1986).

WHEREFORE, Coester Financing, LLC respectfully requests that the Debtor's Motion for Order (A) Authorizing Sale of Certain Real Property Free and Clear of Liens, Claims, Encumbrances and other Interests; (B) Approving Agreement of Sale; and (C) Granting related Relief be denied, and for such other and further relief as is deemed just and proper.

Date:  August 18, 2020

 /s/ Scott Robinson
Scott Robinson, Bar No. 10184
Hofmeister & Breza
11019 McCormick Road, Suite 400
Hunt Valley, Maryland 21031
(410) 832-8822
scottr@hbllaw.com

*Counsel for Coester Financing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th Day of August, 2020, a copy of the foregoing Objection was sent electronically, by the Court's CM/ECF system, or by first class mail to:

Rock Creek Baptist Church of the
District of Columbia,
d/b/a Rock Creek Baptist Church
Post Office Box 3028
Upper Marlboro, MD 20773
*(Debtor)*
*Via First-Class U.S. Mail*

Janet M. Nesse, Esquire
McNamee, Hosea, et al
6411 Ivy Lane,
Suite 200
Greenbelt, MD 20770
*(Attorney for Debtor)*
*Via CM/ECF*

Lisa Yonka Stevens, Esquire
U.S. Trustee Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
*(Attorney for U.S. Trustee)*
*Via CM/ECF*

Joel Perrell Jr.
Miles & Stockbridge, P.C.
100 Light Street, 10th Flr.
Baltimore, MD 21202
*(Attorney for Ministry Partners Inv. Co.)*
*Via CM/ECF*

Adam Lawton Alpert
Bush Ross, P.A.
1801 N. Highland Avenue
Tampa, FL 33602
*(Attorney for Ministry Partners Inv. Co.)*
*Via CM/ECF*

John Demmy
Saul Ewing Arnstein & Lehr LLP
1201 N. Market St., Suite 2300
Wilmington, DE 19801
*(Attorney for Mark Vogel)*
*Via CM/ECF*

Aaron S. Appelbaum
Saul Ewing Arnstein & Lehr LLP
1500 Market Street, 38th Flr.
Philadelphia, PA 19102
*(Attorney for Mark Vogel)*
*Via CM/ECF*

Susan J. Klein
Friedman, Framme & Thrush, PA
10461 Mill Run Circle, Ste. 550
Owings Mills, MD 21117
*(Attorney for Leaf Capital)*
*Via CM/ECF*

Jeremy S. Friedberg
Gordon S. Young
Friedberg PC
10045 Red Run Blvd., Ste. 160
Baltimore, MD 21117
*(Attorneys for TCF Equipment Finance)*
*Via CM/ECF*

Evan Meyers
Nicole C. Kenworthy
Meyers Rodbell & Rosenbaum, PA
6801 Kenilworth Ave., Suite 400
Riverdale, MD 20737
*(Attorneys for Prince George's County)*
*Via CM/ECF*

    /s/ Scott Robinson
Scott Robinson